## EL PUEBLO *v.* LABORDE ET AL.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 28.    Resuelto en diciembre 4, 1905.

PLIEGO DE EXCEPCIONES.—SENTENCIA CONTRARIA Á LAS PRUEBAS.—Los hechos que en la sentencia del tribunal inferior se estimen probados, tienen á su favor la presunción de que están de acuerdo con las resultancias del juicio, y contra tal presunción no podrá irse, si, fundándose la objeción en la insuficiencia de la prueba, no se hubieren expresado los particulares que justifiquen tal insuficiencia, ni se hubiere consignado la excepción en un pliego de excepciones que contenga la parte de prueba que sea necesaria para plantearla y resolverla.

ID.—NOTAS DEL TAQUÍGRAFO.—Las notas del taquígrafo conteniendo las declaraciones de los testigos, no pueden servir de base para discutir la prueba practicada en el juicio, pues tales notas no pueden usarse en substitución de un pliego de excepciones.

ID.—RELACIÓN DE HECHOS.—Cuando se impugna la apreciación de la prueba ante una corte de apelación, es necesario que los hechos sobre que versó se sometan á la consideración de dicha corte de una manera clara y concreta, con la conformidad de la parte contraria, si ésta los reconoce, y con la aprobación del juez que conoció del caso.

OBLIGACIONES.—CLÁUSULA PENAL.—ACCIÓN CIVIL Y CRIMINAL.—Las fianzas exigidas por el Tesorero de Puerto Rico, de acuerdo con el Art. 358 del Código Político, ó sea para garantizar la fiel observancia de las Leyes de Rentas Internas, no tienen por objeto responder solamente de los daños y perjuicios que puedan ocasionarse á El Pueblo de Puerto Rico, siendo, por el contrario, contratos que deben cumplirse en toda su integridad, y la infracción de alguna de sus disposiciones, aceptadas por las partes libre y expontáneamente, hace exigible el importe total de la pena en ellos fijada, aún en el caso de que se hubiere exigido responsabilidad criminal al autor de dichas infracciones, sin que sea obstáculo para la aplicación de esta doctrina el precepto del Art. 44 del Código Penal.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Díaz Navarro.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. FIGUERAS, emitió la opinión del tribunal.

"El Pueblo de Puerto Rico" representado por el Fiscal del Distrito de Humacao presentó ante dicha Corte una demanda contra Osvaldo Laborde y otros dos más cobrándoles la suma de mil quinientos dollars que se comopromctieron á satisfacer al Tesoro Insular, si Osvaldo Laborde no cumplía con las disposiciones de la Ley de Rentas Internas en la industria de destilación de ron en el alambique que tenía establecido en la hacienda "María Teresa" del término municipal de Camuy.

El documento que contiene la obligación contraída dice, según el alegato, lo siguiente:

"*Impuesto de Rentas Internas.*—Fianza de destilador.—Por la presente sabrán todos que nosotros, Osvaldo Laborde, como principal, Primo F. Román y José Machado como fiadores, nos obligamos firmemente para con el Pueblo de Puerto Rico, por la suma de mil quinientos dollars, moneda de los Estados Unidos, al pago de cuya cantidad quedamos formal y solemnemente obligados, colectiva é individualmente y por todos y cada uno de nuestros herederos, albaceas y administradores de nuestras fincas.—Y para constancia, hemos firmado y reconocemos individual y colectivamente esta fianza, como expedida por nosotros este día 22 de Octubre de 1903, en San Juan de Puerto Rico."

"*Contraemos* la anterior obligación bajo las condiciones que siguen: que dedicándose el referido Osvaldo Laborde á la *destilación de ron* y siendo su propósito *continuar en la elaboración de dicho líquido*, en el término municipal de Camuy, Puerto Rico, y siendo la firma social á cuyo nombre se elabora dicho ron la de Osvaldo Laborde, y esa misma la marca de fábrica.

"*Por tanto*, si el referido Osvaldo Laborde pagase ó mandase pagar, como queda previsto por las leyes de Rentas Internas de Puerto Rico, de acuerdo con un acta de la Asamblea Legislativa de Puerto Rico, aprobada en 31 de Enero de 1901, y titulada "Un Proyecto de Ley para Proveer de Rentas á El Pueblo de Puerto Rico

y para otros Fines'' la suma de sesenta centavos por cada galón de
ron, ó ron de malagueta y la suma de ochenta centavos por cada
galón ó fracción de galón de otros líquidos alcohólicos destilados,
manufacturados y despachados de dicha destilería para la venta ó
consumo en Puerto Rico, por medio de la fijación y cancelación de
sellos de rentas internas ó facturas talonarias en la cantidad sufi-
ciente para pagar el impuesto en cada galón de ron ú otros líquidos
alcohólicos destilados despachados de dicha destilería, al tiempo de
ser despachados en la manera ya prevista, ó que sea prevista por
el Tesorero de Puerto Rico, en los Reglamentos redactados para el
gobierno de los fabricantes en el adherimiento de sellos de rentas
internas á las facturas y en el despacho de ron ú otros líquidos
alcohólicos destilados, y harán entrada correcta en un libro de Re-
gistro de Entradas y Salidas, que será facilitado por el Tesorero,
el número exacto de galones de ron, ú otros líquidos alcohólicos
destilados, que existan en dicha fábrica, en la fecha en que le sea
entregado dicho Registro, haciendo diaria y puntualmente entradas
en el referido Registro, del número de galones de ron ú otros líqui-
dos alcohólicos destilados, manufacturados durante las veinte y cua-
tro horas que antecedan, y puntualmente, al tiempo del despacho
de cada partida de ron ú otros líquidos alcohólicos destilados *uni-
rán á los conocimientos ó entregarán al conductor de dichos artícu-
los que sean despachados, la correspondiente factura con los sellos
adheridos para ser entregada á la persona á quien sean consignados,*
y harán en dicho Registro una descripción completa de los artículos
despachados, número de la factura, fecha de despacho, valor, nom-
bre y dirección de la persona á quien van consignados y el valor
de los sellos que han sido adheridos y cancelados, y expresarán en dicho
Registro la fecha y montante de cada compra de sellos de Rentas
Internas y el local donde se hayan comprado y puntualmente, en
el primer día de cada mes, remitirán al Tesorero de Puerto Rico,
una completa y verdadera copia de todas las entradas practicadas
en dicho Registro durante el mes anterior, y permitirán á los Agen-
tes de Rentas Internas de la Tesorería, la libre entrada en la des-
tilería, y le facilitarán la oportunidad más amplia para inspec-
cionar todos los libros y cuentas corrientes, todas las existencias
de ron ú otros líquidos alcohólicos destilados, y de los alambiques
y toda la maquinaria, y la libre entrada é inspección de todos los
edificios y locales pertenecientes á dicha destilería, y darán contes-
tación verdadera á todas las preguntas que se hagan por dichos
Agentes, con referencia á la fabricación y despacho de ron ú otros

líquidos alcohólicos destilados en dicha fábrica, ó de la misma y en general, cumplirán completa y fielmente con todas las prescripciones de las Leyes de Rentas Internas de Puerto Rico, y con los Reglamentos que hayan sido ó fueren promulgados por el Tesorero de Puerto Rico, para la debida ejecución de dichas leyes de Rentas Internas, y de conformidad con las mismas, no permitirán que el solar ó terreno en el cual dicha destilería esté situada, ni ninguna parte de dicho terreno, ni ninguna parte de la maquinaria ni de la materia prima utilizada en dicha manufactura de ron ú otros líquidos alcohólicos destilados, ni ninguna existencia de ron ú otros líquidos alcohólicos destilados sean hipotecados ni embargados durante el tiempo en que se ocupe en el ejercicio de dicha destilería; *Entonces, cumplidas estas prescripciones, esta obligación será nula; en caso contrario, permanecerá en pleno vigor.*"

Los hechos sustancialmente constan en la sentencia apelada que dice así:

"Corte de Distrito del Distrito Judicial de Arecibo, P. R.—Presente: Hon. José R. F. Savage, Juez.—El Pueblo de Puerto Rico Demandante, contra Osvaldo Laborde, Primo F. Román y José Machado, Demandados.—Decisión.—Habiendo sido llamado á la vista ante este Tribunal este pleito, en el que comparecieron el Hon. Pedro de Aldrey, Fiscal de este Distrito, en representación de la parte demandante, y el Licenciado Herminio Díaz Navarro, representando á las partes demandadas: oídas por el Tribunal todas las pruebas presentadas, las que ha considerado junto con los autos y documentos acompañados: y después de oídas las argumentaciones de los abogados de ambas partes, y quedando sometido este pleito al Tribunal para su fallo, la Corte llega á estas conclusiones de hechos: 1.—Que en el día 22 de octubre de 1903, en Camuy, P. R., Osvaldo Laborde como principal, y Primo F. Román y José Machado, como fiadores, otorgaron una obligación ó fianza, por virtud de la cual, se obligaron á pagar al Pueblo de Puerto Rico, la suma de mil quinientos dollars, con la condición entre otras: "de que si dicho Osvaldo Laborde pagase ó mandase pagar............ la suma de sesenta centavos por cada galón ó fracción de galón de ron ó ron de malagueta.......... destilados, manufacturados y despachados de dicha destilería, para la venta ó consumo de Puerto Rico, por medio de la fijación y cancelación de sellos de Rentas Internas, de facturas talonarias en la cantidad suficiente para pagar el impuesto en cada galón de ron ú otros líquidos alcohólicos destilados

y despachados de dicha destilería, al tiempo de ser despachados''
dicha obligación quedaría nula; pero en caso contrario permanece-
ría en pleno vigor.—2. Que el citado Osvaldo Laborde tiene des-
tilería instalada en la hacienda ''María Teresa'' del término muni-
cipal de Camuy.—3. Que el día 19 de diciembre de 1903, dicho
Osvaldo Laborde, despachó de dicha destilería cinco galones de ron
sin que al tiempo de ser despachados dichos cinco galones, hubiese
fijado y cancelado sellos de Rentas Internas á la factura talonaria,
en la cantidad suficiente para pagar los impuestos. De los hechos
anteriormente expuestos, el Tribunal ahora llega á estas conclusiones
de derecho: 1.—Que desde el momento en que dicho Osvaldo La-
borde, faltó á la condición de la obligación, quedarían responsables
el citado Osvaldo Laborde, como principal, y Primo F. Román y
José Machado, como fiadores, á pagar la cantidad de la obligación
al Pueblo de Puerto Rico. 2.—Que el demandante, el Pueblo de
Puerto Rico, tiene derecho á una sentencia de este Tribunal con-
denando á los demandados Osvaldo Laborde, Primo F. Román, y
José Machado, colectiva é individualmente, á pagar á dicho deman-
dante la suma de mil quinientos dollars, con las costas. Y mando
que se registre la sentencia de acuerdo con esta decisión.—Arecibo,
P. R., 3 de Febrero de 1905.—José R. F. Savage.—Juez.''

El apelante expresa en su alegato los siguientes moti-
vos de error:

*Primero*: Que la sentencia se funda en el hecho de no haber pa-
gado Laborde el impuesto de Rentas Internas, cuando en el juicio
se probó que lo satisfizo.

Si la sentencia da por probado que no se pagó el im-
puesto está en su favor la presunción de que ese y no otro
es el resultado de los debates y del juicio que se celebró
y no hay términos hábiles hoy para ir en contra de esa
presunción cuando para combatir la prueba en este re-
curso no se ha empleado el método que prescribe el Ca-
pítulo 5o. del Código de Enjuiciamiento Civil que trata
de las excepciones. El artículo 214 dice: ''Que cuando la
excepción se basa en la insuficiencia de la prueba, la obje-
ción deberá precisar los particulares en que se funde la
alegación de la insuficiencia de la prueba. La objeción
debe establecerse, limitándose á determinar la parte de

la prueba ú otra materia que fuese necesaria para explicarla. Solo se expondrá lo sustancial de las notas de las pruebas tomadas por el taquígrafo.''

Este inciso último de la disposición citada excluye la idea de que las notas del taquígrafo ó sea las declaraciones de los testigos tomadas por ese sistema, que es lo que se ha traído á esta apelación sin cumplir con lo pertinente de lo dispuesto en el capítulo 5º. del Código de Enjuiciamiento Civil, sean bastantes para poder discutir la prueba.

Aquí no hay objeción ni excepción contra la misma y así no es posible formar juicio contrario á la apreciación de la Corte de Distrito y hay que concluir afirmando que ''El Pueblo de Puerto Rico'' probó que Laborde no satisfizo el impuesto de Rentas Internas.

Cuando se impugna la apreciación de la prueba ante una corte de apelación es necesario que los hechos sobre que versó la prueba se traigan de una manera clara y concreta con la conformidad de la parte contraria si ésta los reconoce y con la aprobación del Juez que conoció del asunto cuando esto sea posible.

En el segundo motivo del alegato presentado ante esta Corte Suprema se expresa que ya se considere el contrato de los demandados con el Tesoro Insular como de fianza ó ya como contrato con cláusula penal, en ninguno de los dos casos puede llegarse al extremo de exigir la totalidad de dos mil quinientos dollars por infracción de cualquiera de las disposiciones de Rentas Internas. Pero esto se contesta con lo siguiente:

La Sección 1058 del Código Civil prescribe:

''Las obligaciones que nacen de los contratos, tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos.''

La sección 1120 del mismo Código dice que:

''En las obligaciones con cláusula penal, la pena sustituirá á la

indemnización de daños y al abono de intereses, en caso de falta de cumplimiento, si otra cosa no se hubiese pactado."

De modo que siendo esto así se ha podido establecer la presente demanda para hacer efectiva la pena pecuniaria y como debemos suponer que "El Pueblo de Puerto Rico" probó su acción, según afirma la sentencia apelada, hay que concluir que no se ha cometido error de ninguna clase.

Y no se nos objete diciéndonos que no es posible aplicar dos penas ó sea la que se impuso en la causa criminal que se siguió á Laborde por defraudación al Erario público y la que hoy se pretende por medio de la acción ejercitada. Esto no es así y por eso no tiene aquí aplicación el artículo 44 del Código Penal, puesto que no se trata de un acto penable de distintos modos por distintas disposiciones de dicho Código.

Se trata si de la violación de un derecho que permitió el ejercicio de la acción penal para castigar el delito y permite hoy el ejercicio de la acción civil que nace del contrato celebrado por los demandados por incumplimiento de las cláusulas en él estipuladas. En este punto está terminante el artículo 2 del Código de Enjuiciamiento Civil.

Y tanto más debe esto tenerse en cuenta, cuanto que la causa criminal se dirigió solamente contra Laborde que fué el autor de la defraudación, pero no se dirigió contra Román y Machado que fueron los que con él firmaron el contrato de que nace la acción civil ejercitada. Son, pues, casos completamente distintos.

Se afirma también que el fin del contrato celebrado es garantizar solamente los perjuicios que puedan ocasionarse á "El Pueblo de Puerto Rico", pero esto no es así porque á poco que se estudie el contrato se verá que hay cláusulas estipuladas de cuyo incumplimiento no podría nunca derivarse un perjuicio ó daños valorables por ejem-

plo, el incumplimiento de todas aquellas reglas referentes á la manera de llevar los Registros de Entradas y Salidas y todo cuanto se refiere á la inspección de los Agentes consintiendo su entrada en la destilería.

No; es este un contrato que debe cumplirse en toda su integridad y la infracción de una de sus estipulaciones que aceptaron las partes de modo libre y expontáneo hace exigible la pena, mientras no se pruebe la nulidad del contrato por faltarle algunos de los requisitos esenciales.

La Sección 358 del Código Político concede al Tesorero de la Isla la facultad para celebrar contratos de esta índole á fin de proteger las Rentas Internas.

Por último en el caso Civil número 22 entre "El Pueblo de Puerto Rico" y Juana y Pascual Borrás, fallado por este Tribunal en 24 de noviembre de 1905 se fundó la resolución en la opinión emitida por el Hon. Juez Sr. Wolf y en ese dictamen se citó abundanté doctrina de la Corte Suprema de los Estados Unidos que viene á dar autoridad y validez á las consideraciones anteriormente expuestas.

A ese caso y á la jurisprudencia de tan alto Tribunal nos remitimos así como también al principio consignado en Bishop's New Criminal Law, Vol. 1 Section 266 paragraph 3; y que allí también se cita, que dice:

"Uno que ha sufrido criminalmente toda la pena, no puede, en un procedimiento civil, alegar este hecho, ó como impedimento, ó, como ordinariamente sucede, en mitigación del pago de daños y perjuicios."

Este principio viene á ser el mismo que se desenvuelve en el artículo 2 de nuestro Código vigente de Enjuiciamiento Civil que hemos citado anteriormente.

Por estas razones, debe confirmarse la sentencia del Tribunal del Distrito de Arecibo con imposición de las costas de este recurso á los apelantes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.